# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

Charles E. Butler
   Resident Judge

Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0656

September 16, 2020

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 N. King Street, Suite 303
Wilmington, DE 19899-1674

**Re:** **New Castle County Sheriff**

Mr. Gouge:

The Court has your letter dated September 1, 2020 as well as an accompanying Petition to postpone real estate auctions to be conducted by the New Castle County Sheriff and to allow future real estate auctions to be conducted online. Your motion further recites the well-known history of the global Covid-19 pandemic and the response of the State and the Delaware Supreme Court. Finally, your motion advises that the sheriff has cancelled previous scheduled sheriff's sales and seeks approval of those cancellations *nunc pro tunc*.

The Court understands from your Petition that the sheriff normally conducts court-ordered sheriff's sales inside the County Council chambers in the City/County building, but the chambers have been closed due to the Covid-19 outbreak.

Although the sheriff has sought out alternative sights, he seeks an Order from the Court authorizing the sheriff to conduct the auctions online.

Perhaps in an effort to comfort the Court that such an Order is within the mainstream of the Court's business, you quote *Burge v. Fidelity Bond Mortg. Co.* that the Court "has broad discretion in the supervision and review of sheriff's sale[s].[1] But as you know, the *Burge* case involved a clerical error in a bid, not the location of the bidding itself. As to the location, 10 Del. C. §4974 says that sheriff's sales shall occur at the premises being sold or in a "public building" in the county seat.

Thus, your query does not involve the Court's exercise of discretion over the conduct of the sale, but rather seeks a Court ruling that interprets a statute of the General Assembly.[2] Without the benefit of other or contrary viewpoints, a ruling on this record would set precedent that would be difficult to overcome by a party wishing to contest your desired statutory interpretation. In other words, what you seek is an advisory opinion. The Court resolves controversies with the aid of

---

[1] 648 A.2d 414, 417 (Del. 1994)

[2] Likewise, the citation to federal cases determining that an online auction satisfies the requirement of a "public sale" under a federal statute does little to advance the argument that the Court should interpret an online sale to satisfy the term "public building" in the Delaware Code.

2

competing viewpoints and arguments. The Court is not in the business of rendering general legal advice and doing so is disapproved.[3]

The Petition for a ruling that allows sheriff's real estate auctions online must therefore be **DENIED**. This ruling is not on the merits of the argument and is without prejudice to the sheriff raising these arguments in a procedurally proper forum.

**IT IS SO ORDERED**.

Resident Judge Charles E. Butler

---

[3] *See generally Stroud v. Milliken Enterprises, Inc*. 552 A.2d 476, 479-81 (Del. 1989)